UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-85-CRC-1 |
| v. | : | |
| JOHN STRAND, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO AMEND PRESENTENCE REPORT

The United States, by and through the undersigned attorneys, opposes defendant John Strand's motion to amend the presentence report. ECF 138. Strand seeks to amend that report post-sentencing after he declined—over a period of more than eight months between his conviction and sentencing—to provide any information at all to the Probation Department. Strand should not be permitted to add information to the presentence report ("PSR") without good cause for not having done so earlier. Strand also should not be permitted to manipulate the PSR process by waiting until after sentencing has been completed to amend the PSR, thereby evading the Court's scrutiny. The Government respectfully submits that the motion should be denied.

In the alternative, the Government respectfully requests that it be provided an opportunity to review any materials provided by Strand to Probation, and that the Government also be provided an opportunity to object to any draft revisions to the presentence report.

**I.    BACKGROUND**

Although Strand's motion asserts that Strand seeks a "follow-up" interview with Probation, Strand has never actually submitted to an interview with Probation, despite being given ample time to do so. Strand obtained two postponements of his sentencing based on his alleged desire to have

1

an interview with Probation. Specifically, on January 7, 2023, Strand requested to postpone the sentencing that was then scheduled for January 20, 2023, on the grounds that, among other things, "unfortunately . . . the presentence interview has not yet been conducted." ECF 121. The Court postponed sentencing to May 2, 2023. Minute Order (01/11/2023). On April 19, 2023, Strand again sought postponement, alleging that he "has been ready and willing to speak with the probation officer whenever the officer chose, but that never happened." ECF 123. The Court postponed sentencing to June 1, 2023. Minute Order (04/21/2023).

Nevertheless, at the time of sentencing, Strand still had not completed an interview with the Probation Officer, despite the Probation Officer's phone number being well known to defense counsel. Nor did Strand furnish the Probation Department with a financial affidavit—a decision that is particularly noteworthy in light of publicly reported questions surrounding Strand's finances. *See* Cheryl Clark, "Internal Strife at America's Frontline Doctors: Simon Gold Accused of Misusing $$$," MEDPAGE TODAY (Nov 7, 2022), *available at*: https://www.medpagetoday.com/special-reports/exclusives/101640 (last accessed: June 13, 2023) (describing civil lawsuit alleging that Strand spent $15,000 to $17,000 in personal expenses using non-profit funds). Strand has not provided any explanation as to why he did not participate in the presentence interview process or submit a financial affidavit in the more than eight months that passed between his trial conviction and sentencing.

    **II.    ARGUMENT**

The Federal Rules of Criminal Procedure provide the presentence report must be completed before sentencing. Fed. R. Crim. P. 32(c)(1)(A). The purpose of the report is to provide the Court with information related to, among other things, the defendant's history and characteristics, which the Court will consider in determining an appropriate sentence. Fed. R. Crim. P. 32; 18 U.S.C. §

3553(a). The federal rules specifically contemplate that, as applicable here, the Government can object to any information in the presentence report before sentencing, and the Court shall review information furnished in the presentence report at sentencing. Fed. R. Crim. P. 32(f)-(i). "Presentence reports are important ingredients of the sentencing process and, thus, vital to the administration of the criminal justice system . . . Providing materially false information to a probation officer in respect to a presentence report is culpable and can constitute obstruction of justice even absent a showing of actual prejudice." *United States v. St. Cyr*, 977 F.2d 698, 705 (1st Cir. 1992).

Here, Strand twice postponed his sentencing—and delayed being held accountable for his crimes by more than four months—on the apparent pretext of pursuing a presentence interview that he never actually did. Strand's motion offers no explanation for his conduct. Further, Strand was given an opportunity at sentencing to object to the presentence report and he did not raise any objection related to the issues raised now. The motion to amend is therefore untimely under both the federal and local rules. Fed. R. Crim. P. 32(f) (providing that objections to the PSR must be made within 14 days); LCrR 32.2(a) ("Within 14 days [after the disclosure of the presentence report], counsel shall communicate to the probation officer any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report."); LCrR 32.2(f) (providing that any objection to the presentence report must be raised before a sentence is imposed). Strand's motion provides no good cause as to why Strand should be excused from Rule 32(f) or Local Rule 32.2.

Strand could potentially benefit from adding to the PSR this information about his purported substance abuse and medical history because it could impact his eligibility for a sentence reduction through the Residential Drug Abuse Program. Yet Strand offers no corroboration for

3

the information that he asserts should be added to the PSR now. Strand's motion thereby seeks to add uncorroborated information to the PSR through a process that would avoid the scrutiny of the Court. The motion thus appears to be Strand's latest attempt to manipulate the Probation Department and the Court. It should be denied.[1]

In the event that the Court does offer Strand another opportunity—which would be his third—to add information to the presentence report, the Government respectfully requests (1) that Strand be required to provide any purportedly corroborating information furnished to the Probation Department to the Government; and (2) that the Government be provided an opportunity to respond to any proposed amendments to the presentence report.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:     /s/ *Jason M. Manning*
        Jason M. Manning
        Trial Attorney, Detailee
        NY Bar No.: 4578068
        1400 New York Avenue NW
        Washington, D.C. 20005
        Jason.Manning@usdoj.gov
        (202) 514-6256

        April H. Ayers-Perez
        Trial Attorney
        TX Bar No. 24090975
        450 5th St NW, Room 11412
        Washington, D.C. 20530
        (202) 894-4237
        April.AyersPerez@usdoj.gov

---

[1] Strand will not be unduly prejudiced by denial of the motion because the Government understands that the Bureau of Prisons' intake process will provide Strand an opportunity to furnish relevant medical information to the BOP.