**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-085 (CRC)** |
| | : | |
| **JOHN STRAND,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT JOHN STRAND'S RENEWED**
**MOTION FOR RELEASE PENDING APPEAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully responds to defendant John Strand's Renewed Motion for Release Pending Appeal (ECF 151) following the Supreme Court's recent decision in *United States v. Fischer*, 144 S. Ct. 2176 (2024). For the reasons set forth below, under the particular facts and circumstances here, the Government does not oppose the motion.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On February 5, 2021, a federal grand jury returned an indictment charging Strand with five counts: obstruction of an official proceeding under Title 18, United States Code, Sections 1512(c)(2) and 2 (Count One), entering and remaining in a restricted building or grounds under Title 18, United States Code, Section 1752(a)(1) (Count Two), disorderly and disruptive conduct in a restricted building or grounds under Title 18, United States Code, 1752(a)(2) (Count Three), disorderly conduct in a Capitol building under Title 40, United States Code, Section 5104(e)(2)(D) (Count Four), and parading, demonstrating, and picketing in a Capitol building under Title 40, United States Code, Section 5104(e)(2)(G) (Count Five). ECF 13. On, September 27, 2022, Strand was convicted of those offenses following a jury trial. ECF 108.

Sentencing was held on June 1, 2023. At sentencing, the Court calculated a guidelines range of 30 to 37 months based on the defendant's zero-point criminal history and an offense level of 19. *See* 148-1, Ex. A, Transcript of Sentencing Hearing, 06:22-26:07 (June 1, 2023) ("Tr."). The Court applied a two-point enhancement for Strand's false testimony at trial. Tr. 25:06-13. The Court then evaluated the factors required for consideration under Section 3553(a) in reaching its sentence. Tr. 74:17-81:15. The Court emphasized that Strand, in his many public statements, repeatedly proclaimed his innocence not just on the felony obstruction charge but on all charges, even though "the evidence was clear." *Id.* at 77:03-06. The Court found that Strand had "not accepted responsibility in a pretty remarkable way." *Id.* at 77:02.

Further, as relevant to both the history and characteristics of the defendant and the need for the sentence imposed to establish specific and general deterrence, the Court considered Strand's attacks on the judicial system and lack of respect for the rule of law:

> And while we're on the jury, in some of your appearances you complain that you knew the result was going to be guilty from the beginning; that it was all, you know, preordained; that you didn't get a fair trial from a jury of your peers. Let me just say that I think that's hogwash.

*Id.* at 78:09-14; *see also id.* at 80:23-81:01 (describing Strand's efforts to fundraise off of his crimes and stating, "when you take advantage of your notoriety it does go to acceptance of responsibility, which dovetails into deterrence, both specific and general, and the need for the sentence imposed to promote respect for the law.").

The Court sentenced Strand to the following:

Count One – 18 U.S.C. § 1512(c)(2): 32 months of incarceration to run concurrently, 36 months of supervised release to run concurrently, a $10,000 fine, and $100 special assessment,

Counts Two and Three – 18 U.S.C. § 1752(a)(1) and (2): 12 months of incarceration to run concurrently, 12 months of supervised release to run concurrently, and $25 special assessment for each count,

<u>Counts Four and Five – 40 U.S.C. § 5104(e)(2)(D) and (G):</u> 6 months of incarceration to run concurrently and $10 special assessment for each count.

ECF 140.

The Court permitted Strand to surrender voluntarily following sentencing. He self-surrendered on July 26, 2023. ECF 146 at 3. On June 5, 2023, Strand filed his Notice of Appeal. ECF 135. On November 28, 2023, the Government moved to hold the appeal in abeyance pending the issuance of the mandates in *United States v. Fischer*, No. 22-3038 (D.C. Cir.), and *United States v. Brock*, No. 22-3045 (D.C. Cir). In response, on December 1, 2023, the Court of Appeals suspended the briefing schedule. On December 13, 2023, the Supreme Court granted *certiorari* to review the Court of Appeals' *Fischer* decision. *See Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

## II.   STRAND'S MOTIONS FOR RELEASE PENDING APPEAL AND THE SUPREME COURT'S *FISCHER* DECISION

On December 15, 2023, Strand filed a motion before the Court of Appeals for release pending appeal. The Court of Appeals dismissed the motion without prejudice, directing Strand to proceed before the District Court. Order, *United States v. Strand*, 23-3083 (D.C. Cir. Jan. 16, 2024). On January 19, 2024, Strand filed a motion in this Court for release pending appeal and reduction of sentence as a zero-point offender. ECF No. 146.

On February 9, 2024, the Court denied the motion in full. ECF 150. The Court held that the applicable statute governing release pending appeal "requires the Court to detain a defendant pending appeal unless it finds both: '(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released'; and '(B) that the appeal is not for the purpose of delay and raises a substantial question of fact or law likely to result in,' as relevant here, '(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already serviced plus the expected duration of the

3

appeal process.' *Id.* a 2 (citing 18 U.S.C. § 3143(b)). Applying that standard, the Court held that Strand would not present a danger to the community or a flight risk if he were released pending appeal. *Id.* at 3. The Court also held that "if the Supreme Court reverses the D.C. Circuit in *Fischer* and finds that a § 1512(c)(2) conviction requires obstructive conduct related to 'investigations or evidence,' then Strand's conviction under the same statute would likely be reversed as well because there is no evidence he engaged in any such conduct on January 6, 2021." *Id.* at 4.

The Court denied Strand's motion, however, because it held that a reversal of his § 1512(c)(2) conviction would not likely result in a sentence less than the amount of time (approximately 12 months) that he would have served when the Supreme Court issued its expected ruling in *Fischer. Id*. at 4. Applying the factors set forth in 18 U.S.C. § 3553(a), the Court held that it "would likely sentence Strand to a guidelines sentence of 12 months on Counts Two and Three, to run concurrently." *Id.* at 7. The Court explained that "Strand still committed serious offenses, albeit misdemeanors, that went beyond mere trespass; he still lied on the stand; he still shirked responsibility for his crimes; and he still sought to enrich himself by peddling misconceptions about the events of January 6th and the government's efforts to hold him responsible for his part in them." *Id.* at 7. The Court thus denied Strand's motion for release pending appeal "without prejudice to renewal once the Supreme Court issues a ruling in *Fischer v. United States*." *Id.* at 8.

In the intervening months, *Fischer* was litigated through the D.C. Circuit and ultimately the Supreme Court, which issued its decision on June 28, 2024. In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *Fischer,* 144 S. Ct. at 2187-88. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the

4

Government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 2186. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* at 2190.

Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may include circumstances like those proven in the trial of the defendant, where the defendant intended to stop the certification proceeding and affect the voting and balloting underlying the certification. *See id.* at 2186 (delineating that it would still remain a crime to attempt to impair the integrity of availability of records, documents, objects, or other things used in the proceeding); *id.* at 2194 (Jackson, J., concurring) ("And it might well be that Fischer's conduct, as alleged here, involved the impairment (or the attempted impairment) of the availability or integrity of things used during the January 6 proceeding").

Following the Supreme Court's ruling in *Fischer,* Strand filed the instant renewed motion for release pending appeal. Strand contends that "the one-year anniversary of Strand's imprisonment will elapse on July 26 [2024]" whereas "[g]iven that the Supreme Court remanded to the Circuit in *Fischer* for further analysis, it is reasonable to expect that the abeyance in Strand's appeal will not be lifted for some time."[1] ECF 151 at 5,

## III.   THE GOVERNMENT DOES NOT OPPOSE STRAND'S MOTION UNDER THE PARTICULAR CIRCUMSTANCES OF THIS CASE

Given the remand to the Circuit and the ongoing litigation in *Fischer*, the Government is still evaluating *Fischer's* impact on this and other January 6 cases. The Government thus does not

---

[1] Strand also makes various arguments about whether Strand's trial conviction under 18 U.S.C. § 1512(c)(2) could be upheld under *Fischer* and whether Strand's conduct violated other prongs of the same statute. ECF 151 at 4-5. The Government disagrees with these arguments but, as the instant motion can be resolved without addressing them, the Government will reserve its arguments on these questions for the appropriate juncture.

take any position here on the merits of Strand's appeal, the appropriate sentence if Strand were to be resentenced, or any other options available to the Government if Strand's conviction on Count One were to be vacated.

For the purposes of the instant motion, however, the Government recognizes the Court's previously-stated position that Strand's appeal presents a raises a substantial question of fact or law likely to result in a sentence of 12 months. ECF 150. The Government also recognizes that Strand will have served 12 months in prison by the time this motion is adjudicated. Accordingly, under the particular circumstances and posture of Strand's case, the Government does not oppose his motion for release pending appeal. To be clear, nothing in this submission should be construed as an admission that the defendant has a meritorious *Fischer* claim, or that his claim in this case is likely to result in a reversal, a retrial, or even a shorter sentence. But given the Court's prior ruling, coupled with the posture of the defendant's current term of incarceration, the Government does not oppose the immediate relief he now seeks.

## IV.    CONCLUSION

For the foregoing reasons, the Government does not oppose the defendant John Strand's motion for release pending appeal under the particular circumstances present here. If the Court

does grant the motion, the Government respectfully requests a hearing to determine the appropriate

conditions of release.

Respectfully submitted,
MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      /s/ *Jason M. Manning*
JASON M. MANNING
Trial Attorney, Detailee
NY Bar No.: 4578068
1400 New York Avenue NW
Washington, D.C. 20005
Jason.Manning@usdoj.gov
(202) 514-6256